## In re ADELBERGER.

### (District Court, S. D. Florida. November, 1921.)

1. **Exemptions** ⬤⟞16—**Exemption to head of family is for family's benefit.**
    Exemptions provided for the head of a family are for the benefit of the family, that they may not be left destitute.

2. **Exemptions** ⬤⟞4—**Exemption laws not construed to impose on creditors.**
    The well-recognized rule that exemption laws should be liberally construed to accomplish their purpose does not permit them to be construed so as to impose upon creditors.

3. **Exemptions** ⬤⟞16—**Divorced man, rooming with adult son, is not "head of a family."**
    A divorced man, whose adult son was rooming with him in a room paid for by the father, is not the "head of a family," where it appeared the son was a normal man, physically and mentally, and had supported himself before he came to take employment under his father.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Head of a Family.]

In Bankruptcy. In the matter of John Adelberger, doing business as the Havana Hat Company, bankrupt. On petition to review order of the referee, overruling exceptions of certain creditors to the report of the trustee, setting apart exemptions to the bankrupt. Petition and review granted, and case remanded to the referee, with instructions to sustain the exceptions.

Paradise & Lewis, of Jacksonville, Fla., for petitioner.

Noble & Sawyer, of Jacksonville, Fla., for bankrupt.

CALL, District Judge. This cause comes on for a hearing upon the petition to review the order of the referee made herein on July 25, 1921, overruling the exceptions of certain creditors to the report of the trustee setting apart the exemption of $1,000 to the bankrupt. The facts of the case may be stated as follows:

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Some seven years ago the bankrupt, a divorced man, came to Florida. In October of last year a son, who had theretofore resided in Ohio, and who had reached his majority and supported himself, came to Jacksonville on funds supplied by the bankrupt and entered his father's employ at a stated salary. This son was a normal man, physically and mentally. Father and son occupied the same room in a rooming house, taking their meals in restaurants. The father paid the rent of the room. The question raised by the exceptions is, "Is the bankrupt the head of a family residing in this state?" as contemplated by the Constitution (article 10, § 1), in order that he be entitled to the exemption of $1,000 in personal property as provided by that instrument.

[1, 2] The cases referred to in the brief of counsel for the bankrupt and by the referee in his opinion are as to real property, and it seem to me that the rule of such cases is difficult to apply to the exemption provided for the head of a family in personal property. It is recognized that the exemptions provided to the head of the family are for the benefit of the family, that they may not be left destitute. It is also a well-recognized rule of construction that exemption laws should be liberally construed to accomplish this end, but not construed so as to impose upon creditors.

[3] From the facts found by the referee, it appears that the son was well able to, and did, care for himself up to and until October of last year, when, on account of lack of employment in Ohio, he came to Florida and entered the employ of his father at a stated salary. It is sought to base the family relation upon the fact that father and son occupied the same room in a rooming house, and because of this fact and the parental relation existing, apply the rule of De Cottes v. Clarkson, 43 Fla. 1, 29 South. 442, and Caro v. Caro, 45 Fla. 203, 34 South. 309, and thus make the father the head of a family. It seems to me that such a ruling would do violence to the rules of construction above noted. Something more than the mere occupancy of the same room by two adult males is necessary to constitute the family relation contemplated by the Constitution, even though the relation of father and son does exist.

I am of opinion that the exceptions of the creditors to the report should have been sustained by the referee. The petition for review will be granted, and the case remanded to the referee, with instructions to sustain the exceptions.